FILED

2012 JUL 27  PM 2:44

BY: DM

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEY NEWMAN,<br><br>            Plaintiff,<br><br>vs.<br><br>DE'LONGHI AMERICA,<br><br>            Defendant. | CASE NO. 12-CV-1618 BEN (BGS)<br><br>**ORDER:**<br><br>**(1) DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>[Docket No. 2] |

On June 29, 2012, *pro se* Plaintiff Mickey Newman filed a Complaint alleging a violation of the Uniform Commercial Code § 2-314. (Docket No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis*. (Docket No. 2.) The Court decides the matters on the papers submitted. For the reasons outlined below, the Court **DISMISSES** the action without prejudice and **DENIES** as moot Plaintiff's motion to proceed *in forma pauperis*.

## BACKGROUND

Plaintiff alleges that on November 13, 2009, he "suffered serious and permanent injuries as the result of an electrocution that occurred from [a] defect in Defendant's (Indoor Grill)." (Compl. ¶ 3.) Plaintiff brought the present action against the manufacturer of the indoor grill, De'Longhi America, on June 29, 2012. The Complaint asserts: (1) "Strict Liability—Defect in Design—Product Liability;" (2) "Negligent Design and/or Maintenance—Product Liability;" (3) "Strict Liability—Abnormally

1  Dangerous Activity—Products Liability;" and (4) "Strict Liability—Breach of Implied Warranty of
2  Merchantability Dangerous Products—Strict Liability." (*Id.* ¶¶ 6-16.)

## DISCUSSION

### I. *SUA SPONTE* SCREENING AND DISMISSAL

A complaint filed by any person proceeding, or seeking to proceed, *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556. Dismissal is also appropriate when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). *Pro se* litigants are not "excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

It is not apparent from the face of the Complaint whether the Court has subject matter jurisdiction over the present action. For the Court to possess subject matter jurisdiction, either federal question jurisdiction or diversity jurisdiction must exist. First, because the Complaint does not allege violation of any federal law, this Court does not have federal question jurisdiction. *See* 28 U.S.C. 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Second, it is unclear whether the Court possesses diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). Plaintiff is a citizen of California (Compl. ¶ 1), meaning that for diversity to exist, Defendant must be a citizen of a State other than California. For diversity purposes, a corporation may be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. 1332(c)(1). Although Plaintiff alleges that Defendant "conducts business regularly and substantially with local vendors throughout California from Park 80 West, Plaza One, Saddleback, NJ 07662," (Compl. ¶ 2), Plaintiff does not allege that Defendant has been incorporated in or has its principal place of business in a State other than California. In addition, Plaintiff does not specify the amount in controversy.

Accordingly, the Court finds that it is unclear whether it possesses subject matter jurisdiction over the present action. The Complaint is, therefore, **DISMISSED WITHOUT PREJUDICE.**

II. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Because Plaintiff's Complaint is dismissed, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** as moot.

## CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is granted leave to file an amended complaint that corrects the deficiencies outlined above. Any such amended complaint must be filed no later than September 7, 2012.

The motion to proceed *in forma pauperis* is **DENIED** as moot. If Plaintiff wishes to renew his motion to proceed *in forma pauperis*, he must file a new motion to proceed *in forma pauperis* along with an amended complaint.

**IT IS SO ORDERED.**

DATED: July __, 2012

HON. ROGER T. BENITEZ
United States District Judge